# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST REYES PLACENCIO,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01483-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(Doc. 8)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Ernest Reyes Placencio ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names James A. Yates and Dr. F. Igbinoza as defendants ("Defendants"). For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. As Plaintiff was previously informed of and failed to cure the deficiencies in his claims, the Court will recommend that Plaintiff's claims be dismissed with prejudice.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

    **A.    Procedural Background**

Plaintiff filed the original complaint in this action on August 24, 2009. (Doc. #1.) Plaintiff's original complaint was screened on January 6, 2010. (Doc. #5.) The Court found that Plaintiff's original complaint failed to state any cognizable claims. Plaintiff was given leave to file an amended complaint which cured the deficiencies in his claims. Plaintiff filed his first amended complaint on February 22, 2010. (Doc. #8.) This action proceeds on Plaintiff's first amended complaint.

    **B.    Factual Background**

Plaintiff's first amended complaint alleges that Defendants Yates and Igbinoza, the warden and chief medical officer at PVSP, violated Plaintiff's rights under the Eighth Amendment. Plaintiff alleges that he suffers from a weakened immune system and pneumonia because of continued exposure to Valley Fever. Plaintiff claims that Defendants are liable for Plaintiff's injuries because they promulgated a policy that prohibits prisoners infected with Valley Fever from being transferred

to another institution. Plaintiff claims that the policy constitutes "a failure to respond reasonably to a systemic health or safety problem." Plaintiff claims that he is exposed to an unhealthy environment because of the presence of Valley Fever.

**III.    Discussion**

Plaintiff claims that his rights under the Eighth Amendment were violated. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). "[W]hile conditions

of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

Plaintiff claims that the policies of Defendants Yates and Igbinoza violated Plaintiff's Eighth Amendment rights by exposing Plaintiff to an unhealthy environment. However, it is unclear how the alleged policy exposed Plaintiff to an unhealthy environment. Plaintiff alleges that he has already contracted Valley Fever and that he is exposed to Valley Fever at PVSP. Plaintiff requested a transfer, but contends that the request was denied because of the alleged unconstitutional policy. However, Plaintiff fails to explain how continued exposure to Valley Fever is dangerous to someone who has already contracted Valley Fever. Plaintiff further alleges that he contracted pneumonia but fails to allege how the pneumonia was caused by the conditions at PVSP and fails to allege any facts that suggest that Defendant Yates or Defendant Igbinoza knew of an excessive risk that Plaintiff would contract pneumonia if he was not transferred to another prison.

The Court's previous screening order explicitly pointed out this deficiency to Plaintiff. Plaintiff was informed that his claims were not cognizable because it was unclear how the failure to transfer Plaintiff was adverse to his health. The previous screening order noted that Plaintiff's original complaint alleged that the medical staff at PVSP had been actively providing treatment for Plaintiff's Valley Fever and it was unclear how Plaintiff's overall medical treatment could be characterized as deliberately indifferent. Plaintiff has attempted to cure this deficiency by simply omitting any references to any treatment that he received. However, Plaintiff still has not explained how the failure to transfer him away from PVSP endangered his health. Plaintiff has also failed to explain how continued exposure to Valley Fever could have caused Plaintiff's health to get worse after Plaintiff already contracted the disease.

The Court finds that Plaintiff's complaint fails to state any claims for relief for the same reasons set forth in the Court's previous screening order. The Court finds that the deficiencies in Plaintiff's complaint cannot be cured by further leave to amend. Accordingly, the Court will recommend that Plaintiff's complaint be dismissed with prejudice. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted

even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

### IV. Conclusion and Recommendation

Plaintiff's first amended complaint fails to state any cognizable claims for relief. Plaintiff was provided with the opportunity to amend and his first amended complaint failed to remedy the deficiencies in his claims. The Court finds that the deficiencies in Plaintiff's claims are not curable by further amendment of his complaint. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's claims be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 10, 2010**               /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE